IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LESLIE PARKER, | § | |
|    *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| STRIPES, LLC, | § | |
|    *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, LESLIE PARKER (hereinafter, "Plaintiff"), complaining of STRIPES, LLC, (hereinafter, "Defendant" or "Stripes") and would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, Leslie Parker, is an individual residing at 461 St. David Ridge Road, St. David Ridge, New Brunswick, Canada, E3LAR3.

2. Defendant Stripes, LLC, is a Texas Limited Liability Company duly authorized to do business in the State of Texas. Service may be perfected upon its registered agent E. V. Bonner, Jr., 4525 Ayers Street, Corpus Christi, Texas 78415, via certified mail.

### II. JURISDICTION AND VENUE

3. Subject matter jurisdiction of this case is proper pursuant to 28 U.S.C. Section 1332(a).

4. Venue in this case is proper in the District Court for the Southern District of Texas under 28 U.S.C. Section 1391(b)(1) and (2).

### III.     FACTUAL BACKGROUND

5.      This suit arises from personal injuries sustained by Plaintiff Leslie Parker at one of the business locations owned and operated by Stripes.

6.      On or about February 4, 2011, Plaintiff stopped to purchase fuel at Defendant's convenience store located at 331 Padre Blvd., South Padre Island, TX 78597.

7.      While pumping fuel, Plaintiff was suddenly and forcefully struck by a large slab of ice that fell on him from the canopy above.

8.      The forceful impact of the ice caused Plaintiff to lose consciousness, fall against his vehicle and to the ground.  The impact immediately resulted in numerous cervical herniations, lacerations to the right side of Plaintiff's face, including wounds to his eye, nose, and lip.  Plaintiff's immediate injuries were treated and documented by the South Padre Island Fire Department's emergency medical service.  Plaintiff was at least the second person injured that morning.

9.      Plaintiff experienced increasing pain to his nose, neck and shoulder in the weeks following the initial trauma, requiring further medical treatment.  He remains under the care of physicians for complications stemming from the traumatic impact to his body from the slab of fallen ice and injuries appurtenant to his fall.

10.     Based upon the foregoing facts, Plaintiff asserts that Defendant had a duty to Plaintiff, as Defendant's invitee, to exercise reasonable care and diligence to make the premises of its business reasonably safe for Plaintiff's use.  Plaintiff further asserts that Defendant breached this duty by failing to conduct reasonable inspections of its premises to discover a dangerous condition and to either make it safe or to warn invitees of the danger.  Defendant's negligence in this regard is the proximate cause of serious, ongoing injuries to Plaintiff.

## IV.    COUNT 1: DEFENDANT'S NEGLIGENCE

11.    Plaintiff hereby incorporates the allegations contained in paragraphs 1-10 as if fully set forth herein.

12.    Defendant's acts and omissions outlined above constitute negligence.  Defendant's acts constitute negligence in that Defendant permitted the condition that injured Plaintiff to exist, and negligently failed to correct the condition or warn Plaintiff or other invitees, despite the fact that Defendant, its agents, servants, and/ or employees knew, or in the exercise of ordinary care, should have known of the danger.  Defendant's omissions constitute negligence in that Defendant, acting in self-interest and utter indifference to the safety of its invitees, failed to proscribe the premises from use, by means of warning signs or roping off or by any other means, and failed to employ reasonable and ordinary care as a property owner in the conduct of its business should, thereby causing serious injury to Plaintiff.

13.    Defendant knew of the dangers affecting the premises caused by weather conditions. Defendant's knowledge of the dangerous conditions is evidenced in that: (a) Defendant closed the convenience store at issue to protect its own employees; (b) Another invitee was injured at the same location, the same day; and (c) Defendant maintains policies and procedures directly related to the prevention of injury from dangerous conditions due to inclement weather.  Such policies and procedures were neglected resulting in injuries to Plaintiff and others.

## V.    COUNT 2: RES IPSA LOQUITUR

14.    Plaintiff hereby incorporates the allegations contained in paragraphs 1-13 as if fully set forth herein.

15.    Plaintiff further alleges res ipsa loquitur, because an accident of the type suffered by Plaintiff would not have occurred but for Defendant's negligence.  Plaintiff contributed in no

way to the injuries that he has sustained as Defendant's invitee. Defendant had exclusive control over the safety and use of its premises and, had Defendant, its agents, servants, and/ or employees not been negligent, the incident that is the subject of this suit would not have occurred.

### VII. PLAINTIFF'S DAMAGES

16. As a result of the negligent conduct of Defendant**,** its agents, servants, and/ or employees, Plaintiff has suffered serious bodily injuries to his face, neck, back and shoulders. Plaintiff has experienced physical pain and mental anguish and will, in all reasonable probability, continue to suffer as a result of his injuries. Plaintiff has incurred reasonable and customary medical and doctors' expenses in the past and in all reasonable probability, Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future.

17. By reason of the foregoing injuries and damages, Plaintiff seeks damages from Defendant for pain and mental anguish, (both past and future). As such, Plaintiff seeks to recover for the elements of damage listed below:

   a. Reasonable medical and healthcare expenses for necessary medical and healthcare treatments in the past;

   b. Reasonable medical and healthcare expenses for necessary medical and healthcare treatments in the future;

   c. Pain and suffering the past;

   d. Pain and suffering in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future;

   g. Loss of earning capacity and income in the past;

   h. Loss of earning capacity and income in the future;

      i.      Loss of physical capacity other than wage earning capacity in the past; and

      j.      Loss of physical capacity other than wage earning capacity in the future.

## VIII.   JURY DEMAND

18.   Plaintiff hereby demands a jury in this action and tenders the appropriate fees.

## PRAYER FOR RELIEF

19.   WHEREFORE, Plaintiff respectfully requests that Defendant be cited to answer and appear herein, and that, upon final hearing, a judgment be entered against Defendant as follows:

      a)      An amount not to exceed the jurisdictional limits of this Court;

      b)      Pre-judgment and post-judgment interest;

      c)      Costs of this action, together with reasonable attorney's fees; and

      d)      Such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

/s/ RWA^2

**THE ARMSTRONG FIRM, PLLC**
R.W. Armstrong, II
State Bar No. 24059394
rwaii@armstrong-firm.com
Amanda Armstrong
State Bar No. 24059774
amanda@armstrong-firm.com
110 Broadway, Suite 444
San Antonio, Texas 78205
TEL:   (210) 277-0542
FAX:   (210) 277-0548

ATTORNEYS FOR PLAINTIFF