UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LESLIE W PARKER,                    §
                                    §
        Plaintiff,                  §
VS.                                 §        CIVIL ACTION NO. 2:13-CV-28
                                    §
STRIPES LLC,                        §
                                    §
        Defendant.                  §

## ORDER

Before the Court is Defendant, Stripes LLC's, Motion for Summary Judgment
(D.E. 14).  This is a premises liability case based on injuries that Plaintiff Leslie Parker
(Parker) sustained when he was in the process of pumping gas at Defendant Stripes
LLC's (Stripes') station.  Ice that had accumulated on the canopy over Stripes' gas
pumps fell, striking Parker and his vehicle and causing significant injuries and property
damage.  Stripes seeks summary judgment on the basis that:  (1) the accumulation of ice
is not actionable as an "unreasonably dangerous condition;" (2) the doctrine of *res ipsa
loquitur* does not apply; (3) no negligent activity claim has been alleged or proven; and
(4) there is "no evidence" to support Parker's claims.  For the reasons set out below, the
Motion is GRANTED.

A. **Procedural Posture of Motion**

As a preliminary matter, Parker objected to the Court's consideration of Stripes'
Motion for Summary Judgment as premature.  It was filed on August 30, 2013, prior to
the November 15, 2013, discovery deadline (D.E. 11), discovery was ongoing, and Parker

had not had an opportunity to depose Stripes employees who were on duty at or near the time of the incident.  D.E. 17.  The Court withheld its ruling in order to afford Parker the additional time requested.  The discovery deadline has now passed and the depositions have not been taken.  The Court inquired whether additional time was needed, and both parties urged the Court to consider the motion.

### B. **Unreasonably Dangerous Condition**

To prevail on a premises liability theory, Parker must show, among other things, that the ice at issue presented an unreasonable risk of harm.  *See generally, CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).  It is undisputed that the ice that fell on Parker had accumulated on the Stripes fueling bay canopy during an unexpected winter storm.  There is no evidence as to how long the ice had accumulated prior to the Parker incident.  There is no evidence that Stripes' real estate or fixtures were configured in such a way as to create an ice-related hazard separate and apart from naturally occurring ice. There is no evidence that anyone on behalf of Stripes was aware that the ice had accumulated or posed a risk to persons or property in its vicinity.

"[N]aturally occurring ice that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition sufficient to support a premises liability claim."  *Scott & White Memorial Hospital v. Fair*, 310 S.W.3d 411, 414 (Tex. 2010).  *See also, Callahan v. Vitesse Aviation Service, LLC*, 397 S.W.3d 342, 355 (Tex. App.—Dallas 2013, no pet.) (recently observing that the "natural accumulation" rule remains the law in Texas even though other states may have abolished it).  The fact that the ice formed on an improvement to realty does not render it

2 / 7

any less of a natural occurrence.  *See generally*, *Mubarak v. Giant Eagle, Inc*., No. 84179, 2004 WL 2578894, *5 (Ohio App. Nov. 10, 2004).

Parker distinguishes *Mubarak*, noting that the ice accumulation in *Mubarak* was considered open and obvious whereas, in this case, it was not open and obvious—in fact Parker had not noticed any sign of the accumulation of ice or its falling in the vicinity of the overhead canopy.  He cites *McLean v. Rockford Country Club*, 352 Ill. App. 3d 229, 816 N.E.2d 403, 410 (2nd Dist. 2004), which held that the premises owner could be liable to a business invitee who was struck by a falling icicle from an overhanging roof. However, that holding was a result of a motion brought under the state equivalent of Fed. R. Civ. P. 12(b)(6), seeking dismissal for failure to state a cause of action.  The court observed that, to prevail after the complaint was dismissed without prejudice, the plaintiff would have to allege and prove defective conditions on the defendant's building that caused or contributed to the formation of large, heavy icicles.  *Id*. at 238.

Here, Parker has not alleged or supplied evidence that there was any specific defect in the Stripes canopy that caused or contributed to the formation of the ice in such a way as to make it unreasonably dangerous.  Therefore he does not benefit from the *McLean* case or the other similar cases he cited, all of which require some evidence of negligence:  *Taylor v. Bankers Trust Co*., 439 N.Y.S.2d 138, 80 A.D.2d 483, 488 (N.Y. App. 1981); *Menzel v. Lamproplos*, 168 Pa. Super. 329, 77 A.2d 645, 646-47 (1951).

There are two documented exceptions to the *Scott & White* natural accumulation rule:  (1) when the premises owner has actual or implied notice that the ice accumulation created a condition substantially more dangerous than a business invitee should have

anticipated by reason of knowledge of the area's general conditions, such as when ice conceals another defect or hazard that would otherwise be open and obvious; (2) when the premises owner is actively negligent in permitting or creating an unnatural accumulation of ice. *Scott & White, supra* at 416. Parker has supplied no evidence to create a disputed issue of material fact under either of these exceptions.

While Parker argues that the natural accumulation rule is flawed and has been criticized, the alternative he recites is a duty of care to act as a reasonable premises owner to assess and reduce risks to invitees. D.E. 17, pp. 10-11. Even if this were the governing rule, Parker has failed to plead or supply evidence of what actions a reasonable premises owner is required to take under the circumstances, and which actions Stripes failed to take in this case. Relying on news articles, Parker suggests that Stripes is in the best position to know the potential danger presented by the flat roof and elevation of the canopy as far as making ice accumulation and falling more likely. He suggests that Stripes could have warned of the danger "that it either knew or should have known existed." D.E. 17, p. 12.

Yet Parker supplies no evidence that Stripes did know or should have known of the danger in time to take any action to prevent the injuries complained of in this suit. There is no testimony of a Stripes representative to support this theory. There is no lay or expert witness opinion that the facts presented here create a duty to act in a particular way within the time frame allowed. Parker relies on nothing more than speculation or conclusory allegations, which is insufficient to defeat a motion for summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*per curiam*).

It is undisputed that the accumulation of ice was sudden, unexpected, and unusual in the region.  It is undisputed that the incident took place very soon after the storm had created the ice.  Nothing about the bare facts of the storm and timing elucidates a specific duty.  The fact that Stripes employees were presumably on the premises as it was a 24-hour location and the fact that Stripes ordinarily engages in regular inspections of the premises does not define a duty or its breach in this case.  Parker has not shown that Stripes had a duty, within the time span at issue, to take any particular action to detect the ice, eliminate it, or otherwise mitigate the risk of its falling.

Neither the necessary duty nor the unreasonable danger is supported by evidence sufficient to create a disputed issue of material fact in this case.  While the Court does not go so far as to say that the natural accumulation of ice may never support any premises liability theory, the record in this case does not support any factual argument that the accumulation of ice in this case takes these facts outside the holding of *Scott & White*. The Court GRANTS the Motion for Summary Judgment (D.E. 14) on the basis that Parker has failed to demonstrate that the accumulation of ice presented an unreasonable risk of harm.

C. ***Res Ipsa Loquitur***

Parker has alleged the theory of *res ipsa loquitur*, which permits the jury to infer negligence when the circumstances surrounding the incident demonstrate that the incident would not have occurred in the absence of negligence and the instrumentality causing the injury was under the management and control of the defendant.  D.E. 5, pp. 3-4; *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990).  Parker has failed to submit evidence that

5 / 7

the accumulation of ice or its descent would not have occurred in the absence of negligence or that the accumulation of ice, naturally occurring, was under the management and control of Stripes.

The Court GRANTS the Motion for Summary Judgment (D.E. 14) on the basis that Parker has not supplied evidence to support the application of the doctrine of *res ipsa loquitur*.

### D. **Negligent Activity**

Stripes has challenged whether Parker can prevail on a negligent activity theory. Parker has conceded that he has alleged no such theory.  D.E. 17, p. 1.  Therefore, the Court GRANTS the Motion for Summary Judgment (D.E. 14) on the basis that Parker may not recover under a negligent activity theory.

### E. **No Evidence to Support Parker's Claim**

As an alternative argument, Stripes contends that Parker has "no evidence" to support his premises liability claim.  A claim based on premises liability must include evidence of (1) the defendant's actual or constructive knowledge of the condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) that the defendant's failure to use the necessary care caused the plaintiff's injuries.  *CMH Homes, supra* at 99.

Parker relies primarily on speculation, conclusory allegations, and argument rather than on evidence that applies to this particular fact situation.  Stripes objected to the South Padre Island Fire Department Report (referred to as the Police Report) (D.E. 17-3)

in that it is not properly authenticated and any reference to any other person injured at the scene is hearsay.  The Court SUSTAINS the objections.  The Court GRANTS the Motion for Summary Judgment (D.E. 14) on the basis that Parker has failed to raise sufficient evidence to support a disputed issue of material fact on each element of his claim for premises liability.

ORDERED this 6th day of January, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE